SELYA, Circuit Judge
(concurring).
In virtually all circumstances, newly-constituted panels within a circuit are bound by the holdings of prior panels. See, e.g., United States v. Chhien, 266 F.3d 1, 11 (1st Cir.2001); United States v. Wogan, 938 F.2d 1446, 1449 (1st Cir.1991). Given the force of this rule and its applicability here, I acknowledge that United States v. Shepard, 231 F.3d 56, 66 (1st Cir.2000), dictates the outcome of this appeal. I write separately, however, because I believe that Shepard, and cases like it, take impermissible liberties with the narrow exception envisioned in Taylor v. United States, 495 U.S. 575, 602, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990), and, thus, undermine the integrity of the categorical approach favored by the Supreme Court for cases in which predicate offenses are used to enhance defendants’ sentences. Were we writing on a pristine page, I would hold particularized inquiry of the type" and kind approved in the majority opinion (inquiry which ranges well past the charging papers, jury instructions, and other formal accouterments of the predicate offense to a copy of a police report compiled by an investigating officer) to be beyond the limits contemplated by the Taylor Court. The page, however, is not pristine, and so I reluctantly concur in the judgment of the panel.